**1200**

INDEPENDENT SCHOOL DISTRICT NO. 4 OF ROGERS COUNTY, Oklahoma, Plaintiff–Appellant,

v.

ENERGY CONSERVATION ENGINEERING, INC., an Oklahoma corporation; Brown Mechanical Services, Inc., an Oklahoma corporation; and Aetna Casualty and Surety Company, a foreign corporation, Defendants–Appellees.

No. 64405.

Court of Appeals of Oklahoma, Tulsa Divisions.

May 19, 1987.

Rehearing Denied July 20, 1987.

Certiorari Denied Oct. 13, 1987.

Gene L. Mortensen, Rosenstein, Fist & Ringold, Tulsa, for plaintiff-appellant.

C. Michael Zacharias, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Richard A. Black, Tulsa, for defendant-appellee Brown Mechanical Services, Inc.

BRIGHTMIRE, Presiding Judge.

The core issue is whether the judgment rendered for counterclaimant in this case is void because of a failure to submit proof of the amount of plaintiff School District's outstanding legal indebtedness at time of trial.

We hold it is not void and affirm the judgment.[1]

I

.The background facts pertinent to the issue presented for review are these. Plaintiff, Independent School District No. 4 of Rogers County, Oklahoma, filed this lawsuit February 28, 1984, against Energy Conservation Engineering, Inc., and Aetna Casualty and Surety Company, seeking damages said to have resulted from breach of two school renovation contracts. One contract was with defendant Energy for design engineering work in connection with the renovation of the hot water and heating and air conditioning systems of certain school buildings in Oologah, Oklahoma. The other contract was with defendant Brown for the retrofit installation work.

As the project neared completion it became apparent that the renovations—conceived and designed as part of an "energy savings" program—were not working satisfactorily and were not energysaving. Consequently, School District filed this suit February 28, 1984. Brown filed a counterclaim to recover for unpaid "changes to the original bid."

The case came on for jury trial March 18, 1985, and on March 22 the jury returned a verdict in favor of School District and against Energy for $22,211, and its bonding company Aetna for $29,000. The jury also returned a verdict for Brown on its counterclaim against School District for $16,500 and against Energy for $16,500.

On March 26, 1985, Energy filed a motion for judgment notwithstanding the verdict. Aetna filed the same type motion and a motion for new trial on April 1, 1985. Plaintiff moved for a cost and attorney fee judgment against Energy. These motions were ruled upon April 18—Energy's was denied and School District's was sustained. On May 17, 1985, School District filed a petition in error in the supreme court which recited that the judgment appealed was pronounced March 22, 1985, that the post-trial motions mentioned above were ruled upon April 18, and that Brown had filed a motion seeking an attorney fee judgment May 2, 1985, which was pending and set to be heard June 20, 1985. It added that the "Judgment ... [School District] seeks to reverse [was the] Judgment for Brown Mechanical Services, Inc. against [School District]." School District's petition in error further recited that the parties had not been able to agree on a journal entry of judgment and therefore it attached a copy of the docket sheet "Minutes."

On June 13, 1985, Brown filed a "Motion to Take Evidence Under 62 O.S. § 362; [and] Motion to Correct Irregularity In Obtaining Judgment, If Any, Under 12 O.S. § 1031."[2] School District filed a brief in opposition to these motions on June 24. On July 18 Brown's motions were sustained and the trial court heard evidence concerning School District's "1984–1985 Estimate of Needs and Financial Statement of the Fiscal Year 1983–1984," consisting of a certified copy of such information prepared for and submitted to the Rogers County Excise Board September 28, 1984. The trial court then, apparently for the first time as will be demonstrated later, pronounced

---

1. This case was set on accelerated docket and after hearing oral argument the court decided the record was too complex and the issues too unclear for an early decision. Consequently, it was removed from the accelerated docket for further study and preparation of an opinion.

2. 62 O.S.1981 § 362, the provisions of which apply to school districts (§ 361), reads in relevant part:
    "Before final judgment in any suit based on contract shall be rendered against any [School District] by any court of any county in the State of Oklahoma ... proof shall be made to the court, of the existence, character and amount of the outstanding legal indebtedness

of said [School District] which proof shall include a statement compiled by the various officers having custody of the records from which the information required in the statement is taken, under oath, showing the following:
    . . . .
(Specific items omitted.)
62 O.S.1981 § 363, specifies:
    *"No judgment shall be rendered against any ... [School District] by any court until the provisions of Section 2 [§ 362], have been fully complied with.* Any judgment rendered in violation of the provisions of this act shall be void and of no effect. (Emphasis added.)

judgment on the March 22 verdict and signed a journal entry setting out such judgment.

On July 29, School District filed a "Petition for Writ of Prohibition" in the supreme court seeking an order prohibiting the trial judge from "enforcing the Order [of] July 18, 1985, in which," School District alleged, "he re-opened the trial proceedings after this appeal was filed … to admit evidence which was not offered" at trial, namely, the § 362 proof. The supreme court refused to assume jurisdiction of the writ request on September 18, 1985.

The next day, however, September 19, 1985, the supreme court issued an order directing School District to show cause by October 7, 1985, "why [its] appeal should not be dismissed as premature," and added that "[u]nder 62 O.S.1981, § 362, judgment could not have been rendered against appellant school district without proof of the existence, character and amount of the indebtedness of appellant. Such proof was not introduced, and therefore judgment was not rendered until July 18, 1985, three months after the commencement of this appeal. The Court notes that no amended petition in error or new appellate proceeding was filed within the thirty-day interval following the July 18, 1985 judgment."

The parties filed responses. On December 9, 1985, the supreme court ordered School District's petition for writ of prohibition to be treated as "the functional equivalent of an amended petition in error." Pursuant to this order the parties proceeded to brief the issues raised by appellant School District.

School District contends the Brown judgment must be reversed for reasons embodied in what it refers to as four propositions: viz., (1) the judgment is void; (2) the evidence presented on July 18 was too late; (3) Brown's motion for the court to hear § 362 evidence was improper and the trial court had no jurisdiction to hear it; and (4) the Brown judgment is not supported by any competent evidence.

Summarized, School District's argument may be reduced to these two basic premises: (1) Judgment was entered for Brown March 25, 1985—one that became final and has never been vacated—and it is void because no prior § 362 proof was offered; and (2) Such judgment is not supported by any competent evidence.

## II

■ The first of School District's two contentions—that a judgment was entered March 25 which is void for lack of § 362 proof—is without merit for several reasons.

The first is that the assumption upon which its first three "propositions" are premised—that a judgment was pronounced March 25, 1985, the day the verdict was filed—is fallacious. Not only is there an absence of competent evidence as required by 12 O.S.1981 § 32.2,[3] to support the assumption, but the supreme court, as we noted earlier, concluded on September 19, 1985, that a judgment could not have been rendered on March 25 because the court had not yet heard the required § 362 proof.

The supreme court's conclusion—that a judgment such as Brown's cannot be effectively pronounced before § 362 proof is made—is, we think, sound and should have a positive impact on the administration of justice. Moreover, it is in keeping with the intent and purpose underlying the myriad pleading, pretrial and trial rules aimed at advancing the idea that gamesmanship and ambushes are out, and disposition of cases on their merits is in. There is little doubt that the ultimate objective of the September 19 ruling was to help achieve these goals. The validity of the verdict was unaffected by the delayed pronouncement of judgment. It stood as a valid resolution of the factual "jury issues", awaiting adduction of § 362 proof and formal pronouncement of judgment. Why was the jury verdict unaffected by the § 362 problem? Because the evidence required by

---

**3.** The evidence required by 12 O.S.1981 § 32.2, to prove when a judgment has been pronounced is a journal entry signed by the pronouncing judge.

§ 362 was a matter cognizable by the trial judge and did not involve a "jury issue."

While the July 18, 1985, journal entry of judgment does not expressly state when judgment was pronounced it is implicit in the language used that the judgment it memorializes was in fact pronounced on that date. It would, of course, have been better practice to recite in the journal entry, among other things, the facts concerning the granting of Brown's motions, the reception of § 362 evidence, a finding of its sufficiency and that judgment was being pronounced and entered July 18 on the March 22 verdict.

We hold, nevertheless, that the July 18, 1985, journal entry is presumed to have been rendered after the court heard sufficient § 362 evidence and is therefore a valid and subsisting judgment.

### III

The School District's second ground for reversal—that the judgment lacks evidential support—is not well taken either.

The argument is that Mr. Brown's testimony concerning bills he paid in connection with the extra work his company performed should have been excluded because such bills were "documents prepared by another party" which were therefore "hear-say documents." Cited in support of this conclusion is 12 O.S.1981 § 2104(C). In this regard School District also points to another segment of Mr. Brown's testimony concerning the overtime hours spent by his company in doing the extra work. This testimony should have been excluded, says School District, because it was based on company time sheets.

School District's reference to § 2104(C) begs the question. All it says is that so far as is practical jury trials should be conducted so as to prevent inadmissible evidence from being presented. The crucial question, and one left unaddressed by School District, is whether Mr. Brown's testimony—as distinguished from the documents—was admissible.

 We hold it was. The complained of testimony of Mr. Brown was not hearsay. Relevant information was imparted which the witness had gleaned from records he said were kept in connection with and in the course of his business activity. He was qualified to give such testimony and it is authorized by 12 O.S.1981 §§ 2401 and 2402. Moreover, the records upon which Mr. Brown founded his testimony were made available to the School District for examination and for placing into evidence had it desired to do so.[4] The complaint is without merit.

We have examined the evidence and conclude that sufficient competent evidence was presented to support Brown's judgment.

BACON and REIF, JJ., concur.

---

4. Records or data made at or near the time referred to if kept in the course of regularly conducted business activity are generally not excluded as hearsay. *See* 12 O.S.1981 § 2803(6).